# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ANDREW DOMENITZ,

      Plaintiff,

vs.                                 CASE NO. 8:12-CIV-146-T-17-EAJ

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Elizabeth A. Jenkins on July 19, 2013 (Doc. 20). The magistrate judge recommended that the Court reverse the decision of the Commissioner denying the plaintiff's claims for a period of disability and remand the case for further proceedings.

      Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. No timely objections to the report and recommendation were filed.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation dated July 19, 2012 (Docket No. 20) be **adopted** and **incorporated by reference**; the Court **reverses** the decision of the Commissioner denying the plaintiff's claims for a period of disability and **remands the case for further proceedings consistent with the incorporated report and recommendation**. The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993); *Newsome v. Shalala*, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days

2

after the date of the Social Security letter sent to the plaintiff's counsel of record at

the conclusion of the Agency's past due benefit calculation stating the amount

withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42

U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla.

Nov. 13, 2012).   The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20 day of August,

2013.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge

3